case number 19 3199 western Missouri United States versus Clarence Brooks very well Mr. Grubowski the court appreciates your willingness to accept the assignment under the criminal justice act in this case and you may proceed thank your honor and may it please the court i represent Clarence Brooks who stands convicted of three counts two firearms counts and one simple possession of methamphetamine he's a 52 year old gentleman who will spend the remainder of what's left of his 97 month sentence incarcerated unless this court intercedes on his behalf and what i think properly should do which is reverse the court's decision as to a motion to suppress that we filed in the case i don't think there's any disagreement Mr. Wagner can correct me if he thinks i'm wrong but i don't think there's any disagreement in the fact that Mr. Brooks was a passenger in a stolen car when that car was stopped by Kansas City Police he fully and completely complied with all instructions by the police cooperated with them to the full extent of his ability and then was placed under arrest as he exited the stolen vehicle as instructed to do by law enforcement i think what we have here is an issue a primary issue is the fact that the Kansas City Police Department has admitted on the record in this case that they have a policy in place that whenever someone is a passenger in a stolen car they are going to be arrested for being a participant in the stealing of the car i think that is a per se exception to the fourth amendment that the supreme court and our court has repeatedly said is not appropriate there should be no per se exceptions to the fourth amendment every arrest every search under the fourth amendment should have an individual suspicion that the person who they are arresting actually committed the offense that there's probable cause to arrest in every case individualized to the person in this case there was no individualized suspicion as to Mr. Brooks he did everything he was supposed to do the only information they had at the time was that he was a passenger in a stolen car they had no information that he knowingly was in a stolen car in other words mens rea portion of the tampering of second degree statute under Missouri requires him to be unlawfully a passenger that he knew it was stolen and he put himself in the car anyway and that just does not exist in this case so what are you suggesting that law enforcement would need on that mens rea element before they could arrest a passenger of a stolen car your honor I think that as a passenger of a stolen car the law enforcement officers who make the stop are able to detain in this case Mr. Brooks temporarily so that they can ask some on the scene questions that would allow them to to create or or to maybe persuade themselves to the contrary that there's individualized suspicion that he was involved in in the stolen car so for example they could ask him whether or not he knew the car was stolen or they could have asked him who the driver was and whether he was friends with the driver something like that that would allow him to understand or better the police to better understand what the circumstances of Mr. Brooks involvement was just walking up on someone and arresting them because they're in the presence of some criminal behavior as time and again been shown to be the incorrect method on doing these types of cases would that approach apply to any other kind of criminal statute I mean is this are you arguing sort of for a standalone this is an unusual statute or just seems like there's a lot of criminal statutes that require some well they do require intent and I'm just curious of how you would think how you would anticipate this would apply across the board with law enforcement officers when they see a particular crime being committed or they think you know possession maybe possession of stolen property or something like that would it apply to something like that as I think it would your honor because to make it analogous you would have to say that the person was not in actual possession of the stolen property or the drugs or whatever but that they constructively possess them and the courts have said that just because your president wherever this stuff may be found doesn't mean that you're involved in the criminal act itself they still have to be able to prove knowledge that the person was in possession of whatever the item may be so for example that would be that would be for proving guilt right that you're talking about a proof burden as opposed to sort of whether there's probable cause just to arrest those seem to be two different steps in the in the process that is correct your honor so for example police suspect that someone is offense of stolen goods that they take in stolen goods they give money to the person who stole the goods and then they turn around and sell them to make it analogous would my client mr brooks would be the person who shows up at the house of defense who is maybe under surveillance by police and based upon his entering that house police then arrest him for being in possession of whatever stolen goods that defense has that i think is analogous and i don't think that in that type of situation where he just walked into a house that he has knowledge or that they could prove knowledge or even suspect that he has knowledge of all the stolen goods that are in the in the house of defense does that answer your question well can i can i zero in a little bit on exactly what you believe the police did here um you get mr mr brooks gets out of the car and the point he's out of the car the driver is still there and still in the car and they get brooks down on the ground and the car speeds off is that's basically the facts right yes your honor are you claiming putting brooks down on the ground is wrong i think can they not do that i think various circumstances yes they could and probably here i i mentioned that they could detain him for purposes of inquiring whether or not he was involved in the criminal activity well could they not do a pat-down search at that point if they can uh demonstrate and articulate an individualized suspicion that mr brooks was armed and presently dangerous to them which in this case they clearly cannot and their officers who testified at trial admitted that they felt no threat from mr brooks so you're you're you're so you're claiming that all they could do is argue put him down on the ground ask him if he knew the car was stolen if he said no no i didn't know it was stolen then let him go that is what the case law says your honor if they cannot if they cannot develop uh the probable cause then the supreme court has dictated that they have to let him go i i i guess i i i would think that normally you could do a pat-down in that situation um and which or and then of course you also got the issue whether the safety exception would allow him to ask if he's got anything dangerous and he admitted he had a gun well i think your honor that we should not be in the business of creating bright line rules that in every fourth amendment context just based upon the type of offense that was potentially committed that police are allowed to do or to to breach the fourth amendment that is are repeatedly have denied police the opportunity to create these bright line situations where whether it be a drug house or a violent crime or like a protective sweep and buoy all of them require some sort of individualized suspicion that the person is or that the property to be searched poses some sort of threat to the police here police admitted that there was no threat to them and they did a search anyway and i think that violates terry uh which is what you're asking about and if there are no further questions i'll i'll reserve the remainder of my time very well you may do so thank you for your argument mr wagner we'll hear from you may two things in this case that gave the officers probable cause to arrest mr brooks for the crime of second degree tampering under missouri law the first was his apparent voluntary presence in the car and the second was an inference that officers can draw based on unique circumstances of automobiles that the passenger in the automobile is engaged in a common enterprise with the driver that inference and the permissibility of it comes from the supreme court's decision in maryland versus pringle which frankly i think is all but controlling of the issue of probable cause in this case the supreme court held in pringle that when there were three people in a car that contained a significant quantity of drugs enough for distribution that officers could arrest all three of them even though they all denied knowing anything about the drugs very similar to this case stolen car under mr brooks's theory the officers would have had to let him go if he denied knowing the car was stolen but the supreme court said no it's the inference that a passenger and a driver are engaged in a common enterprise allows police officers to arrest for probable cause based on any illegality about in pringle what was in the car in this case the car itself so the government would encourage the court to find based on pringle that just by virtue of the fact that mr brooks was voluntarily in the car officers had probable cause to arrest him that's not to say that would much lower bar it requires only a substantial chance of criminal activity not an actual showing of such activity i'd like to address the kansas city policy that kansas city police department policy that was testified about at trial um as i understand mr brooks's argument is it's that because the police department had a policy about arresting people in vehicles and because you can envision you know a crazy situation where or unusual situations where there would not be probable cause to arrest somebody in a vehicle such as if someone was tied and bound and gagged in the trunk the existence of that policy means that his arrest was unlawful that's simply not the case this is just another way of saying that an officer's subjective intent is relevant to the issue of probable cause in other words because the officer thought he was operating under a policy and that's why he conducted or affected the arrest that that subjective intent um means that there can't be probable cause we know that can't be the case from the supreme court's decision in ren ren versus united states in that case the court explained that subjective intent has no role to play in ordinary probable cause fourth amendment analysis and we also know if you just play out the implications of of a rule that the what if what if the stop had occurred not in kansas city missouri but across the border in kansas city kansas and what if kansas city kansas had no such policy if if the policy is what is determinative then the the protections of the fourth amendment would change depending on what what police jurisdiction you would happen to be stopped in so for those reasons i don't think the policy i don't think the court has to do anything with the policy in this case it's simply irrelevant to the issues before the court i'd like to address um the the timing of mr brooks's arrest um i i don't think it's true and and we we do not agree the government does not agree that he was arrested um as he exited the vehicle no one told him he was arrested at that time the fact that one or more of the officers may have had the intent to arrest him is is irrelevant again the officer's subjective intent so long as it's not communicated to the suspect is not does not matter all the things the steps that the officers took ordering mr brooks to get on the ground ordering him to put his hands behind his back handcuffing him patting him down these are all things that are consistent with an investigatory stop under terry particularly when you're dealing with a situation as volatile and dangerous as potential car thieves and this court has um issued a number of opinions and we've cited them in our brief explaining that when officers are dealing with potential car thieves they can reasonably suspect that the thieves are armed and dangerous and that how do you square that um presumption with the another i think policy of the police department that if the if the car had not been well if it had not been reported stolen by violent means they couldn't pursue it so i no evidence it had been stolen by violent means so how do you square those two things a car that's not been stolen by violent means but then this notion that that mr brooks could very well be armed how do you how do you put those two together there's i have two responses to that question the first is that just because the car was not stolen by violent means does not mean there is a risk that the people who stole it were armed uh someone who steals a car might have a gun in their pocket but steal the car without using the gun it's entirely possible and the second is that car thieves may not use a weapon just to steal a car but also to protect themselves from being apprehended if they're caught so the fact that the car was not reported stolen through violent means does not foreclose the possibility and a reasonable suspicion that the people who are occupying it can be armed and dangerous would you is is the the record seems pretty clear that at least on the from the video mr brooks did not seem to be engaging in any conduct or furtive movements that would suggest that he was dangerous at that moment is that is that fair that the officers i think said they were not concerned about that so really then is your argument on the ability to do the pat down and um is that just simply because it was a stolen car the stolen car is the primary thing i don't think the officers testified that they were not they were not worried about a gun they did testify that he complied with their instructions that's true but the fact that someone complies and the fact that the car just sped off could lead a reasonable officer to infer that he may have gotten out as a decoy to try to to try to stop them from pursuing the car and may have been intending to use a weapon in furtherance of that plan i would also note that it was dark at the time and he was wearing uh i believe uh what appears to be a hooded sweatshirt and a fairly bulky coat over that so there's a real possibility that underneath those clothes he could have possessed something dangerous and we know he in fact did um so his clothing was was thick enough to conceal the gun that we know he actually had i'd like to address the um the point that there there can't be a bright line rule um based on the type of offense in other words that the sort of the offense that the officers are investigating cannot by itself give rise to reasonable suspicion of someone being armed and dangerous that is simply not true and we know that it's not true from terry and terry the the the three men who the cleveland police officer suspected of planning to conduct a daylight robbery did not do anything that would indicate that they were armed and they didn't display any weapons they didn't they didn't do anything violent it was the fact that the officer suspected that they were going to conduct a daylight robbery that gave him um a justification to pat them down same thing in this case it's the fact that the officer suspected mr brooks of being involved with a stolen car that gave them the justification to pat him down plus they also knew that there had been a very tense standoff with the driver it was dark outside the driver had sped away so even if just being in the car by itself were not enough for reasonable suspicion those other things added to the officer's concerns um one issue that came in up in the in the briefs that i'd like to address briefly is the the the question about whether because there were so many officers and they all had their guns drawn whether they actually had um cause for concern of to of their safety um with respect to mr brooks i would submit that the the issue here is not whether if it came to it the officers could have prevailed in a fight against him the fact that there were multiple officers around did not prevent them from being concerned about their safety officers don't need to take a risk that that they would need to win a fight in order to make sure that they can secure the scene and control the situation and protect their safety just going back to the to the reasonable suspicion issue um in in judge malloy's question about the sequence of events i think if you play out the sequence of events and i touched on this briefly but the the every step that the officers took was consistent with what officers are permitted to do under terry at least up until the point that they found the gun and once they found the gun even if this court were to find that by virtue of voluntary riding voluntarily riding in a stolen car the officers did not have probable cause at that point once they found the gun they knew he was in the stolen car they knew the driver of the car had fled and they knew that he had a gun and combined i think those things certainly give rise to probable cause see that my time is expiring so there are no further questions the government would ask this court to affirm all right thank you for your argument mr gromowski we'll hear from you in rebuttal thank you your honor uh first of all with regard to whether or not pringle is a controlling precedent in this case i do not believe that it is there you had an entirely different circumstance the passengers in the vehicle were taken out and then the car was searched and only after the uh drugs and the money were found were they then placed under arrest because all of them were within distance of where those guns and uh i'm sorry the money and the drugs could be found that is contrary to what happened here what happened here was he was arrested and then searched and then once they found the the gun um then that was used against him the arrest took place prior to any reasonable suspicion or individualized suspicion as to mr brooks uh the another thing i'd like to point out is you know with regard to policy uh and the the question of whether or not kansas city missouri can have a different controlling precedent than kansas city kansas that already occurs it occurs all over the country that's why we have uh the supreme court to try to balance where there's differences between the uh for example if uh um well i see my time is out so if there's no more questions uh i'll cede the rest of my three seconds very well thank you for your argument the case is submitted and the court will file an opinion in due course